## The J. T. Easton.

*(District Court, S. D. New York.* May 23, 1885.)

1. COLLISION—DAMAGES—REPAIRS—DEPRECIATION.
   Where a small injury, occasioned by collision, such as the cracking of the gunnel streak, can be repaired by bolts and braces at slight expense, so as to be, for all the practical purposes of use and durability, as good as new, damages should be allowed on that basis only, and not the comparatively large cost of putting in a new beam, especially where during a long interval no repair has been made.

2. SAME—MASTER'S ESTIMATE.
   In a conflict of evidence as to depreciation, the low estimate of the master at the time, as shown in his claim then made, with knowledge of all the facts, was adopted.

In Admiralty.

*Hyland & Zabriskie,* for libelant.

*Owen & Gray,* for claimant.

BROWN, J.   The libelant claims some three or four hundred dollars for an injury to her canal-boat by collision.   Upon the evidence in the case I am satisfied that the actual damage could be repaired by the use of bolts and braces for $15, so that the canal-boat, for all the practical purposes of use, of convenience, and of strength, would be just as good, and just as durable, as before the injury.   Whether, if repaired in that way, her market value would be essentially depreciated is a question upon which the witnesses differ.   An owner whose boat is damaged by the negligence of another is entitled to have his boat repaired in a way which will not leave her essentially depreciated in her market value, or inferior for practical use.   But where an injury can be perfectly repaired for all practical uses at slight expense, but, as in this case, cannot be placed in exactly the same condition as new, except by taking out and replacing much other good work at a very considerable expense, the court must hesitate in allowing damages on the basis of the latter mode of repair, especially where, as in this case, though a long time has elapsed, no such repair has been made.   The court could only be warranted in allowing for new beams upon very plain and certain proof that the market value of the boat will otherwise be materially and certainly lessened.   In the conflicting evidence in this case I think the acts of the libelant herself, or rather of her husband, who was the master and manager, must be considered as a sufficient practical guide for the court on the latter point.

A great preponderance of evidence shows clearly that after full examination of this injury by the captain's surveyors, he offered to settle for $25; while the claimants would give him but $10.   A considerable time has elapsed, yet no kind of repair of the injured beam has been made up to the present time; and on the survey during the trial the alleged break shows even less than when recent; and the fact of the break itself is not altogether beyond doubt.   Under these circumstances the court would not be justified in awarding damages upon the basis of a necessity of taking out some 40 feet of the gunwale streak in order to repair this comparatively slight injury.   I must regard the estimate made by the captain after his survey as sufficient to cover whatever trifling difference may be made in the value of the boat by a repair in the ordinary inexpensive way; and I award him the sum he then claimed, and which has since been paid into the registry, namely, $25; for which judgment may be entered, without costs.