## THE DOWNER.

### PATTERSON v. DOWNER TOWING CORPORATION.

(District Court, E. D. New York. June 20, 1921.)

Collision ⊂⊐134—Damages for injury to vessel not necessarily cost of restoration.

> A libelant *held* not entitled to an award of $700 damages for injuries to a barge, though that was the amount found by a survey as the cost of restoration, where she was an old boat and was repaired for a much less sum, and used for a long period thereafter.

In Admiralty. Suit by S. J. Patterson against the steam tug Downer; the Downer Towing Corporation, claimant. On exceptions to report of special commissioner. Exceptions sustained.

Macklin, Brown, Purdy. & Van Wyck, of New York City, for libelant.

Alexander & Ash, of New York City, for claimant.

GARVIN, District Judge. This is a hearing on exceptions to the report of a special commissioner, who was appointed to determine the amount to be awarded libelant as damages for injuries sustained by his barge Hudson. The commissioner has allowed $700 the price agreed upon at the survey. The boat was actually repaired later, in another way, for a much less sum. If the work called for by the survey had been done, it would have been worth the amount mentioned. The survey was not necessarily conclusive, nor did the commissioner so find; but he has found that the survey was not controverted nor shown to be incorrect in any particular, and that it does not appear that the repairs made the vessel precisely as strong, staunch, and serviceable as she was before the accident. This must

---

be done (The Loch Trool [D. C.] 150 Fed. 429); but I do not think that case is authority for finding that the owner of an old boat, such as the Hudson, which has been repaired for $220 and then used for a long period of time, should be allowed damages of $700. I consider the case to be controlled by the principles stated by Judge Brown in The J. T. Easton (D. C.) 24 Fed. 95.

The exceptions are therefore sustained.